Casey H. Kempner, SBN 272149
P&P Imports LLC
3233 W. Castor St.
Santa Ana, California 92704
ckempner@pandpimports.com
650-488-8270

Attorney for Plaintiff
P&P Imports LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company<br><br>      Plaintiff,<br><br> vs.<br><br>Johnson Enterprises, LLC a Virginia limited liability company dba Tailgating Pros; and DOES 1-10, inclusive,<br><br>      Defendants | Case No.: 8:19-cv-00523<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**:<br><br> **1) Trade Dress Infringement (15 U.S.C. § 1125(a));**<br> **2) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.);**<br> **3) California Common Law Unfair Competition**<br><br>DEMAND FOR JURY TRIAL |

- 1 -
COMPLAINT

Plaintiff P&P Imports LLC ("P&P" or "Plaintiff"), by and through its counsel, alleges for its Complaint against Johnson Enterprises, LLC a Virginia limited liability company, dba Tailgating Pros ("Johnson") and Does 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the suit arises under the trade dress and unfair competition laws of the United States, including 15 U.S.C. §§ 1125, and this court has supplemental jurisdiction of the California State causes of action under 28 U.S.C. §1367.

2.     P&P is informed and believes, and based thereon alleges, that Defendants transact and solicit business in the Central District of California and are thus subject to personal jurisdiction here.

3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2) and otherwise because a substantial part of the events or omissions giving rise to the claims for trade dress and unfair competition, and related state claims occurred in this district.

4.     P&P is informed and believes, and based thereon alleges, that Defendants have advertised, sold, and distributed the products subject to this Complaint in this judicial district, and engaged in the wrongful acts alleged herein in this judicial district.

## THE PARTIES

5.     Plaintiff, P&P Imports, LLC is a California limited liability company, with its principal place of business at 3233 W. Castor Street, Santa Ana, California 92704.

6.     Upon information and belief, Defendant Johnson, is a Virginia limited liability company with its principal place of business at 17389 Parham Landing Ct., Suite 4, West Point, VA 23181.

7.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. DOES 1-10 may be entities of Defendant or third-party sellers selling infringing products including the Tailgating Pros White Giant Connect 4 game (or "TP WHITE CONNECT 4").

8.     When the true names and capacities of DOES 1-10 has been ascertained, Plaintiff will amend this pleading accordingly.

9.     Plaintiff alleges, upon information and belief, that at all times mentioned herein, each Defendant, and Does 1-10, inclusive, and each of them, were the agents, servants and/or employees of every other Defendant, and the acts of each Defendant as alleged herein, were performed within the course and scope of that agency, service, or employment.

## GENERAL ALLEGATIONS

10.     Plaintiff P&P is a leading designer and distributor of unique, creative, and proprietary games and sporting goods under its GoSports® brand, and other consumer products under its GoFloats® and GoPong® brands. P&P has been in business since 2007. P&P extensively advertises and promotes its products in most major retail venues including Amazon, Walmart, and Target as well as several other Internet and brick and mortar retailers. P&P's product lines are sold across the United States and in other countries such as Canada, Mexico, Australia, and the United Kingdom.

11.     P&P is a company that started from very humble beginnings by two young entrepreneurs, Peter Engler and Peter Tanoury, who met at the University of Colorado at Boulder. Peter and Peter shared an entrepreneurial spirit and formed P&P and with their own capital following their graduation in 2007. P&P started with a single product in 2007 and has grown rapidly, creating nearly 350 products to date. Its innovative consumer products have gained significant recognition in the industry and P&P has been named one of the OC Business Journal's fastest growing private

COMPLAINT

1  companies four years in a row, and is on the Inc. 5000 list of America's Fastest

2  Growing Private Companies. P&P is presently located in Santa Ana, California and

3  employees over 20 hard-working men and women in its Orange County headquarters.

4       12.    P&P markets its products under three brands: GoSports®, GoFloats®,

5  and GoPong®; all of which are trademarked in the United States Patent and

6  Trademark Office[1]. P&P has vigorously worked to protect its products and

7  intellectual property through the use of trademarks, copyrights, patents, and

8  distinctive trade dresses.

9       13.    One such product under the GoSports® brand is White Giant Four in a

10  Row Game ("P&P's FOUR IN A ROW" game). A picture of P&P's FOUR IN A

11  ROW game is shown below:



(Image of Exhibit A)

14       14.    Upon information and belief, Defendants sell the TP WHITE

CONNECT 4 game that is almost identical to P&P's FOUR IN A ROW game.

Defendants appropriated the trade dress of P&P's FOUR IN A ROW game to market

---

[1] Trademark registration numbers: GOSPORTS (Reg. No. 4,802,471); GOPONG (Reg. No. 4,734,884); and GOFLOATS (Reg. No. 5,119,406).

and sell their infringing products as shown in the example below[2]:



(Image of Exhibit B)

15.     Defendants market and sell their products in the United States, including California, at least at tailgatingpros.com, amazon.com, ebay.com, etsy.com, toyzdepot.com, and other such marketplaces.

16.     Upon information and belief, beginning on or before January 2018, Defendants began to use, without authority, permission, or license, P&P's FOUR IN A ROW TRADE DRESS as defined below in connection with the sales and advertising of Defendants' TP WHITE CONNECT 4 game.

17.     P&P's FOUR IN A ROW TRADE DRESS comprises the overall appearance of P&P's FOUR IN A ROW which may be described as a combination of individual features, including, but not limited to the unique color combination of flat-white colored square board with evenly spaced round-hole cut-outs, bordered by a thin bas-relief bezel on all four sides, with two mirrored sculpted legs extending half way up the sides of the bezel and joined to it by tee joints which enfold part of the bezel to create a relief on the bezel and extend depth-wise slightly both frontwards and backwards, and which vertically extend slightly below the bezel where they are

---

[2] Attached hereto as Exhibit B is a screen capture of a sales listing by Johnson at www.tailgatingpros.com of its TP WHITE CONNECT 4 game.

joined with the feet to create a relief between them on the outside edge, the feet extend depth-wise from the legs with their flat-top extending into rounded shoulders and squared ends with an arch type shape cut into the bottom-center, which are all contrasted with the smooth, circular flat-red and flat-blue featureless chips game pieces as shown in Exhibit A, attached hereto ("P&P's FOUR IN A ROW TRADE DRESS"). P&P's FOUR IN A ROW TRADE DRESS is inherently distinctive and nonfunctional.



(Image of Exhibit A)

18.     Through P&P's promotional and advertising efforts, the overall appearance of P&P's FOUR IN A ROW game has become widely known and recognized, and the trade dress of P&P's FOUR IN A ROW game has also acquired secondary meaning. While other competitors are in the four in a row marketplace, P&P's FOUR IN A ROW game is distinctive and associated with a particular source, namely P&P.

19.     P&P has continuously used the current overall appearance of P&P's FOUR IN A ROW game in connection with the promotion, advertising, and sales since well before the acts complained of herein.

20.     Defendants are offering for sale, advertising, and selling imitations of P&P's FOUR IN A ROW game under its "Tailgating Pros" brand, and P&P is

- 6 -

1  informed and believes, and based thereon alleges, that Defendants caused these

2  imitation products to enter into interstate commerce, including in the Central District

3  of California.

4      21.    The overall appearance of the TP WHITE CONNECT 4 game is

5  substantially identical to the overall appearance of P&P's FOUR IN A ROW game,

6  especially when viewed in online marketplaces.

7      22.    The TP WHITE CONNECT 4 game strongly resembles a genuine

8  version of P&P's FOUR IN A ROW game and is likely to confuse consumers as to

9  the affiliation, connection, or association of the TP WHITE CONNECT 4 game sold

10  by Defendants or as to the origin, sponsorship, or approval of the TP WHITE

11  CONNECT 4 game.

12      23.    The presence of the TP WHITE CONNECT 4 game in the marketplace

13  and in advertising injures and damages the value of the trade dress for P&P's FOUR

14  IN A ROW game.

15      24.    P&P is informed and believes, and based thereon alleges, that

16  Defendants have offered for sale, advertised, and sold the TP WHITE CONNECT 4

17  game with the intent to benefit from P&P's goodwill and reputation in the four in a

18  row market, to deceive the public as to the source or origin of Defendants' imitation

19  products, and to profit from the demand created by P&P's FOUR IN A ROW game.

20      25.    P&P is informed and believes, and based thereon alleges, that

21  Defendants have used in connection with sales and/or offers for sale of the TP

22  WHITE CONNECT 4 game false designations of origin, false or misleading

23  descriptions of fact, and/or false or misleading representations of fact, which are

24  likely to cause confusion, or to cause mistake, or to deceive as to the origin of the TP

25  WHITE CONNECT 4 game with the intent to benefit from P&P's goodwill and

26  reputation in the roundnet market, to deceive the public as to the origin of

27  Defendants' imitation products, and to profit from the demand created by P&P's

28  FOUR IN A ROW game.

- 7 -

COMPLAINT

# FIRST CLAIM FOR RELIEF
## Trade Dress Infringement and False Designation of Origin
### (Lanham Act § 43(a))

26.     P&P incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

27.     By reason of Defendants' acts complained of herein concerning the TP WHITE CONNECT 4 game, Defendants, and each of them, have intentionally engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between P&P's and Defendants' goods, and infringement of P&P's trade dress rights in violation of 15 U.S.C. § 1125(a). P&P believes that customers are likely to be confused by Defendants' use of such false designations of origin, false descriptions or representations regarding P&P's and Defendants' goods, and by Defendants' confusingly similar trade dress.

28.     In addition, Defendants' trade dress infringement, coupled with their false designations of origin, false descriptions, and misrepresentations, including in advertising, regarding P&P's and Defendants' goods, is likely to confuse four in a row purchasers into thinking that P&P is the source of Defendants' TP WHITE CONNECT 4 game, that P&P has sponsored those goods, that those goods are in some manner affiliated with P&P, or that those goods are the same as P&P's FOUR IN A ROW game.

29.     Because of Defendants' conduct, P&P has been irreparably harmed in its business. Moreover, P&P will continue to suffer irreparable harm unless Defendants are restrained from infringing P&P's trade dress and making false designations of origin, false descriptions, or misrepresentations regarding P&P's and Defendants' goods.

COMPLAINT

## SECOND CLAIM FOR RELIEF
### Unfair Competition
### (Cal. Bus. & Prof. Code § 17200 et seq.)

30.     P&P incorporates by reference the allegations contained in paragraphs 1 through 29, inclusive, of this Complaint as if fully set forth herein.

31.     Defendants' actions described herein, specifically copying of P&P's trade dress, to sell its own products, constitutes unlawful, unfair and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to California Business and Professions Code Section 17200.

32.     As a result of Defendants' actions, P&P has suffered injury, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its common law trade dress rights.

33.     Defendants' actions have caused, and will continue to cause, P&P to suffer irreparable harm unless enjoined by this Court pursuant to California Business and Professions Code Section 17203. In addition, P&P requests that the Court order that Defendants disgorge all profits wrongfully obtained because of Defendants' unfair competition, and order that Defendants pay restitution to P&P in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### Unfair Competition
### (California Common Law)

34.     P&P incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, of this Complaint as if fully set forth herein.

35.     By reason of the acts complained of herein, Defendants have unfairly competed with P&P in violation of the common law of the State of California.

36.     Because of this unfair competition, P&P has been irreparably harmed in its business.

37.     P&P is informed and believes, and based thereon alleges, that Defendants' acts have been done oppressively, fraudulently, and maliciously and with the intent to trade upon the goodwill of P&P and to injure P&P.

- 9 -

COMPLAINT

1       38.    P&P is informed and believes, and based thereon alleges, that

2   Defendants will continue the acts of unfair competition described above to the

3   irreparable injury of P&P and the public unless restrained and enjoined.

4   **REQUEST FOR RELIEF**

5       WHEREFORE, P&P hereby requests the following relief against Defendants,

6   and each of them, as follows:

7       1.    That Defendants, and all Defendants' agents, servants, employees, and

8   attorneys, and all other persons in active concert or participation with Defendant who

9   received actual notice of the injunction, be temporally, preliminarily, and

10  permanently enjoined from:

11            a.  advertising, promoting, marketing, offering for sale, selling, or

12               otherwise disposing of the TP WHITE CONNECT 4 game;

13            b.  using a trade dress confusingly similar to the trade dress of P&P's

14               FOUR IN A ROW in connection with the advertising, promotion,

15               marketing, sale, or the disposal of Defendants' products or making

16               any designations of origin, description, or representations that

17               P&P is the source of Defendants' imitation TP WHITE

18               CONNECT 4 game, that P&P has sponsored Defendants'

19               imitation TP WHITE CONNECT 4 game, that Defendants'

20               imitation TP WHITE CONNECT 4 game is in some manner

21               affiliated with P&P, or that Defendants' imitation TP WHITE

22               CONNECT 4 game is the same as P&P's FOUR IN A ROW

23               game; and

24            c.  otherwise deceptively or unfairly competing with P&P in the sales

25               of four in a row products.

26      2.    That P&P be awarded damages in an amount to be determined at trial

27  based on Defendants':

28

- 10 -
COMPLAINT

     a.  infringement of P&P's distinctive trade dress in the overall appearance of P&P's FOUR IN A ROW game;

     b.  false designations of origin, descriptions and representations regarding the TP WHITE CONNECT 4 game; and

     c.  acts of unfair competition against P&P.

3.    For restitution in an amount to be proven at trial for unfair and illegal business practices under Business & Professions Code §§ 17200 and 17500.

4.    That P&P be awarded under 15 U.S.C. § 1117(a) the total profits received by Defendants from, and any damages sustained by P&P as a result of, Defendants' sales of all products infringing the trade dress in the overall appearance of P&P's FOUR IN A ROW game.

5.    That P&P be awarded under 15 U.S.C. § 1117(a) enhanced damages up to three times the account found as actual damages for Defendants' trade dress infringement and false designations of origin, descriptions and representations, an in an amount to be determined at trial;

6.    That P&P be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of unfair competition;

7.    That Defendant's be ordered to deliver to P&P for destruction all products, labels, signs, prints, packages, wrappers, and advertising that bear trade dress confusingly similar to P&P's distinctive trade dress, or that result in any unfair competition by Defendants against P&P;

8.    That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, accounting the manner of their compliance with the requested injunctive and mandatory relief above;

9.    That P&P be awarded its reasonable attorneys fees and costs of suit;

10.    That P&P be awarded such other and further relief as the Court may deem just and equitable.

1

## __DEMAND FOR JURY TRIAL__

2  Plaintiff P&P Imports LLC respectfully demands a trial by jury in this action.

3

4

5

6  DATED: March 15, 2019

7

8

9                                               /s/ *Casey H. Kempner*

10                                              Casey H Kempner
                                                Attorney for Plaintiff
11                                              P&P Imports LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT