JAMES E. DOROSHOW (SBN 112920)
JDoroshow@FoxRothschild.com
ASHE P. PURI (SBN 297814)
APuri@FoxRothschild.com
CHARLIE NELSON KEEVER (SBN 322664)
CNelsonKeever@FoxRothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Telephone:   (310) 598-4150
Facsimile:   (310) 556-9828

Attorneys for Defendants JOHNSON ENTERPRISES LLC, a Virginia limited liability company DBA TAILGATING PROS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P&P IMPORTS LLC, a California limited liability company,<br><br>                          Plaintiff,<br><br>v.<br><br>JOHNSON ENTERPRISES LLC, a Virginia limited liability company DBA TAILGATING PROS; and DOES 1-10, inclusive,<br><br>                          Defendants. | Case No. 8:19-cv-00523-DOC-JDE<br><br>Hon. David O. Carter<br><br>**DEFENDANT JOHNSON ENTERPRISES LLC'S ANSWER TO THE COMPLAINT OF PLAINTIFF P&P IMPORTS LLC**<br><br>Complaint Filed:       March 15, 2019<br>Complaint Served:   April 24, 2019<br><br>**JURY TRIAL DEMANDED** |

For its Answer to the Complaint of P&P IMPORTS LLC ("P&P" or "Plaintiff"), Defendant JOHNSON ENTERPRISES, LLC dba Tailgating Pros. ("Johnson" or "Defendant") hereby responds to the allegations in the Complaint as follows[1]:

## RESPONSE TO P&P IMPORTS LLC'S ALLEGATIONS ENTITLED "JURIDICTION AND VENUE"

1. Johnson admits that this Court has subject matter jurisdiction over P&P's trade dress infringement claim and that this Court has supplemental jurisdiction over the remaining state claims, but denies there is any legal or factual basis for any of P&P's claims. Except as expressly admitted, Johnson denies any and all remaining allegations in this paragraph.

2. Johnson admits that it is subject to personal jurisdiction in this judicial district. Except as expressly admitted, Johnson denies any and all remaining allegations in this paragraph.

3. Johnson admits that venue is proper in this judicial district, but denies there is any legal or factual basis for any of P&P's claims. Except as expressly admitted, Johnson denies any and all remaining allegations in this paragraph.

4. Johnson admits that it has advertised, sold, and distributed the White Giant Connect 4 game (the "Accused Product") in this judicial district, but denies that the Accused Product infringes P&P's alleged trade dress or that Johnson has engaged in any other unlawful acts as alleged in the Complaint. Except as expressly admitted, Johnson denies any and all remaining allegations in this paragraph.

## RESPONSE TO P&P IMPORTS LLC'S ALLEGATIONS ENTITLED "THE PARTIES"

5. Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies them.

6. Johnson admits that it is a Virginia limited liability company with its

---

[1] Except as expressly alleged, averred, or admitted, Johnson denies each and every allegation of the Complaint.

1  principal place of business at 17389 Parham Landing Ct., Suite 4, West Point, VA 23181.

2  7.  Johnson lacks knowledge or information sufficient to know what P&P knows, does not know, or claims to know or not know, about any third-party sellers. Johnson denies that it or any other person or entity (including those presently identified in the Complaint as "Does 1-10") has engaged in any unlawful act as alleged in the Complaint or otherwise.  Johnson also denies that the Accused Product infringes P&P's alleged trade dress.  Johnson denies any and all remaining allegations in paragraph 7 of the Complaint

8.  Johnson lacks knowledge or information sufficient to know what P&P intends to do or try to do in this lawsuit at a future date.  Johnson denies that it or any other person or entity (including those presently identified in the Complaint as "Does 1-10") has engaged in any unlawful act as alleged in the Complaint or otherwise, and therefore denies that there would be any reason for P&P to amend its Complaint to add any new defendants if P&P in fact intends to try to do so.  Johnson denies any and all remaining allegations in paragraph 8 of the Complaint

9.  Johnson denies that it or any other person or entity (including those presently identified in the Complaint as "Does 1-10") has engaged in any unlawful act as alleged in the Complaint or otherwise.  Johnson denies any and all remaining allegations in paragraph 9 of the Complaint.

**RESPONSE TO P&P IMPORTS LLC'S ALLEGATIONS ENTITLED "<u>GENERAL ALLEGATIONS</u>"**

10.  Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11.  Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12.  Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.  Johnson lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14. Johnson admits that it has sold a product called TP WHITE CONNECT 4 and that a picture of the product is attached to the Complaint as Exhibit B. Johnson denies that this product is "almost identical" to P&P's Four in a Row game. Except as expressly admitted, Johnson also denies any and all remaining allegations in paragraph 14 of the Complaint.

15. Johnson admits that it markets and sells products on tailgatingpros.com, amazon.com, ebay.com, and etsy.com, and admits that its products are sold to buyers in the United States. Johnson denies that it markets and/or sells products on toyzdepot.com. Johnson is presently unable to respond to the allegation that Johnson markets and sells its products on "other such marketplaces," because the term "other such marketplaces" is vague and ambiguous and, on that basis, denies this allegation at this time. Upon information and belief, the product listing shown in Exhibit B to the Complaint appeared on www.tailgatingpros.com. Except as expressly admitted, Johnson denies any and all remaining allegations in paragraph 15 of the Complaint.

16. Johnson denies that it used P&P's alleged trade dress at any time, and denies any and all remaining allegations in paragraph 16 of the Complaint.

17. Johnson admits that P&P claims to have trade dress protection of the features described in paragraph 17 of the Complaint (including in Exhibit A), but denies that P&P has any valid trade dress protection over any of these features, alone or in combination with one another. Except as expressly admitted, Johnson denies any and all remaining allegations in paragraph 17 of the Complaint.

18. Johnson lacks knowledge or information sufficient to know what any third party (including what P&P characterizes as "other competitors") designs or sells. Johnson denies the allegations in paragraph 18 of the Complaint.

19. Johnson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Johnson denies that it offers for sale, advertises, or sells any product

imitating P&P's Four In a Row product (including any product sold under its Tailgating Pros brand) in this judicial district or any other location.  Johnson denies any and all remaining allegations in paragraph 20 of the Complaint.

21. Johnson denies the allegations in paragraph 21 of the Complaint.

22. Johnson denies the allegations in paragraph 22 of the Complaint.

23. Johnson denies the allegations in paragraph 23 of the Complaint.

24. Johnson denies the allegations in paragraph 24 of the Complaint.

25. Johnson denies the allegations in paragraph 25 of the Complaint.

**RESPONSE TO**

**FIRST CLAIM FOR RELIEF**

Trade Dress Infringement and False Designation of Origin

(Lanham Act § 43(a))

26. Johnson restates and incorporates its responses in paragraphs 1-25 above as if fully set forth herein.

27. Johnson denies the allegations in paragraph 27 of the Complaint.

28. Johnson denies the allegations in paragraph 28 of the Complaint.

29. Johnson denies the allegations in paragraph 29 of the Complaint.

**RESPONSE TO**

**SECOND CLAIM FOR RELIEF**

Unfair Competition

(Cal. Bus. & Prof. Code § 17200 et seq.)

30. Johnson restates and incorporates its responses in paragraphs 1-29 above as if fully set forth herein.

31. Johnson denies the allegations in paragraph 31 of the Complaint.

32. Johnson denies the allegations in paragraph 32 of the Complaint.

33. Johnson denies the allegations in paragraph 33 of the Complaint.

## RESPONSE TO
## THIRD CLAIM FOR RELIEF

Unfair Competition

(California Common Law)

34. Johnson restates and incorporates its responses in paragraphs 1-33 above as if fully set forth herein.

35. Johnson denies the allegations in paragraph 35 of the Complaint.

36. Johnson denies the allegations in paragraph 36 of the Complaint.

37. Johnson denies the allegations in paragraph 37 of the Complaint.

38. Johnson denies the allegations in paragraph 38 of the Complaint.

## AFFIRMATIVE DEFENSES

By asserting these affirmative defenses, Johnson does not admit that it necessarily bears the burden of proof or persuasion for any of the defenses or issues alleged below. Moreover, at this time, Johnson has insufficient information and knowledge upon which to form a belief as to whether additional defenses are or may later become available to it. Johnson reserves the right to amend its responses to the Complaint to add, delete, or modify defenses based on additional facts and legal theories which it may or will learn, including that which may be divulged through clarification of the Complaint, through discovery, through change or clarification of governing law, or through further analysis of P&P's allegations and claims in this litigation. Subject to the foregoing, for its affirmative defenses in this action, Johnson hereby presently asserts and alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. P&P's Complaint, including one or more claims alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands, And/Or Laches)

2. The equitable doctrines of waiver, estoppel, unclean hands, and/or laches bar at least one or more of P&P's claims for damages and other relief.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing and Injury)

3. P&P lacks standing, including because it has not suffered economic injury.

## FOURTH AFFIRMATIVE DEFENSE

### (Absence of Irreparable Harm)

4. P&P's claims for injunctive relief are barred because P&P will not suffer any irreparable harm and has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

### (Inequitable Relief)

5. P&P's claims for injunctive relief are barred because such relief would be inequitable.

## SIXTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

6. P&P's claims for relief are barred because the alleged infringement, if any, was innocent and not willful.

## SEVENTH AFFIRMATIVE DEFENSE

### (Absence of Confusion)

7. P&P's claims for relief are barred because Johnson's alleged use of P&P's alleged trade dress is not likely to cause any form of confusion.

## EIGHTH AFFIRMATIVE DEFENSE

### (Functionality)

8. P&P's claims are barred because the alleged trade dress is functional and does not qualify for any trade dress protection.

## NINTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

9. P&P's claims are barred because P&P cannot prove that its products have acquired any secondary meaning, including, but not limited to, that any consumers or any persons associate any product design with any of P&P's products.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

10. P&P's claims are barred because there has been no damage in any amount by reason of any act alleged against Johnson.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

11. Johnson presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet unstated, affirmative defenses. Thus, subject to discovery and other proceedings and developments in this action, Johnson expressly reserves its right to assert additional affirmative defenses when and if they are appropriate.

Dated: May 14, 2019                     FOX ROTHSCHILD LLP

By: /s/ Ashe Puri
James E. Doroshow
Ashe P. Puri
Charlie Nelson Keever
Attorneys for Defendants JOHNSON ENTERPRISES LLC, a Virginia limited liability company DBA TAILGATING PROS

## JURY DEMAND

Defendant Johnson Enterprises, LLC hereby requests a trial by jury in this matter.

Dated: May 14, 2019                FOX ROTHSCHILD LLP


By: /s/ Ashe Puri
James E. Doroshow
Ashe P. Puri
Charlie Nelson Keever
Attorneys for Defendants JOHNSON ENTERPRISES LLC, a Virginia limited liability company DBA TAILGATING PROS

9
Answer to Complaint